UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERICK FRANKLIN,                    )
                                   )
            Plaintiff,             )
                                   )          CAUSE NO. 3:12-CV-420 RM
      vs.                          )
                                   )
BRAD ROGERS,                       )
                                   )
            Defendant.             )

OPINION AND ORDER

Erick Franklin, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 7.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Franklin alleges that he was subjected to excessive force on June 30, 2012, during an incident at the Elkhart County Jail.[1] He claims that he was in the recreation room when another inmate refused an order from a guard, Officer Garcia (first name unknown), to put up his mattress. After the two exchanged words Officer Garcia left the recreation room and returned, along with Officer Shepherd (first name unknown), wearing "black gloves as if something was going to happen." A third guard, Officer Szucs (first name unknown), came in carrying a camcorder. Officer Garcia then ordered all the inmates to "lockdown," but before Mr. Franklin could respond to the order, Officer Garcia shot him numerous times in the back with a pepper ball gun. Eventually he went back to his cell and "realized how much pain he felt in his back." He pushed the call button to ask for medical assistance. Officer Szucs, Officer Bailey (first name unknown), and a member of the medical staff responded and examined his back, also taking pictures of it at his request. He was told he would get an ice pack for pain but he never received one. He believes he should have been sent to an outside hospital for evaluation or taken to the infirmary, although he doesn't allege any long-term injury or permanent damage as a result of this incident. He sues Officers Bailey, Shepherd, Garcia, and Szucs, as well as Sheriff Brad Rogers, seeking compensatory damages for pain and suffering.

---

[1] It appears Mr. Franklin was already convicted at the time of these events, such that the Eighth Amendment would apply. Lewis v. Downey, 581 F.3d 467, 473-74 (7th Cir. 2009). If he was in fact a pretrial detainee, the Fourteenth Amendment would apply, but the governing standards are functionally equivalent. Id.

Under the Eighth Amendment, the "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id. An inmate can't refuse to comply with a direct order from a correctional officer, and if he does the officer is justified in using some level of force to obtain his compliance. *See* Lewis v. Downey, 581 F.3d 467, 473 (7th Cir. 2009); Soto v. Dickey, 744 F.2d 1260, 1267 (7th Cir. 1984).

Giving Mr. Franklin the inferences to which he is entitled at this stage, he alleges a plausible claim that Officer Garcia used more force than was necessary under the circumstances. He alleges that he was merely a bystander to an incident involving another inmate, and that before he could comply with Officer Garcia's command to "lockdown," the officer shot him multiple times in the back with a pepper ball gun, causing him significant pain. The complaint can be read to allege that Mr. Franklin wasn't offering resistance during this incident, and that he would have complied with the order had he been given time to do so. Although further factual development might show that Officer Garcia's actions were reasonable under the circumstances, Mr. Franklin has alleged enough to proceed on this claim.

As for the other officers, there is nothing in the complaint (Mr. Franklin's second attempt to allege his claims) from which it can be plausibly inferred that they violated his constitutional rights. None of them were involved in the use of force, although Officers Shepherd and Szucs were allegedly present during this incident. The officers can be held liable as bystanders only if (1) they had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring. Lewis v. Downey, 581 F.3d at 472. Mr. Franklin alleges that Officer Garcia made a split-second decision to shoot him with the pepper ball gun, before he even had time to comply with the officer's order. Under these circumstances, Mr. Franklin hasn't alleged a plausible claim that the other officers had time to intervene, particularly since they appear to have been tasked with other duties, such as video-recording the incident. *See* id. (where inmate alleged that a guard shot him with a taser gun before he had time to comply with the guard's order to get out of bed, another guard present did not have a reasonable opportunity to intervene).

Mr. Franklin alleges that Officer Bailey was the shift commander during this incident, but she can't be held liable for Officer Garcia's actions just because she was acting as his supervisor, or gave him permission to carry the pepper ball gun. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). Although Mr. Franklin believes Officer Bailey should have followed up on his request for an ice pack, he makes clear that the officer summoned medical personnel to examine him and assess his injury. As non-medical staff, Officer Bailey and the other officers were entitled to defer to medical personnel about the

appropriate treatment for his injuries. <u>Burks v. Raemisch</u>, 555 F.3d 592, 596 (7th Cir. 2009). Similarly, Sheriff Rogers can't be held liable solely because he is the official responsible for overseeing operations at the jail. <u>Chavez v. Illinois State Police</u>, 251 F.3d at 651. The sheriff isn't alleged to have any personal involvement in these events, nor does Mr. Franklin allege the existence of an unconstitutional policy at the jail that caused his injury. *See* <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658 (1978). Accordingly, these defendants will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Garcia in his individual capacity for monetary damages for using excessive force against him on June 30, 2012;

(2) DISMISSES Brad Rogers, Officer Bailey, Officer Shepherd, and Officer Szucs;

(3) DISMISSES any and all other claims contained in the complaint;

(4) DIRECTS the U.S. Marshals Service to effect service of process on Officer Garcia; and

(5) ORDERS that Officer Garcia respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: March  4 , 2013.                    /s/ Robert L. Miller, Jr.

Judge
United States District Court